By the Court.
 

 Harrington,
 
 Justice,
 

 'This court decided in
 
 JVaples’ lessee
 
 vs.
 
 Harman,
 
 that a devise to A. and his heirs, but if he should die without lawful issue, to B. and his heirs, was an estate tail in A.; and not a fee, with an executory devise over. We followed the long established and well settled, though not always unquestioned, rule of construction, that in a devise of real estate, if nothing else in the will controls them, the words “dying without issue,” mean a general failure of issue, and not a failure of issue at the death of the devisee. The case of
 
 Anderson
 
 vs.
 
 Jackson
 
 was referred to, not as an authority in itself, for the decision is the other way; but as containing the able and unanswerable argument of chancellor Kent, in which he has the magnanimity to acknowledge his own error on the same question, in
 
 Fosdick
 
 vs.
 
 Cornel,
 
 (1
 
 Johns. Rep.
 
 439.) A majority of the Senate of New York, by a vote of fourteen to ten, preferred following the erroneous precedent of their Supreme Court; but an examination of the opinions will show that the vote was one way, and the argument the other.
 

 We can see nothing in this will that indicates an intention of restricting the devise to a failure of issue at the death of Eli Hollett. [f the testator had been asked whether he did not intend the devise over to Peregrine to take effect in case Eli left issue, which died without issue in the lifetime of Peregrine, he would undoubtedly have said yes, as most other testators would, who use the same words; and ¡ret it is common to say that this legal construction generally violates ;he real intention and meaning of the testator. Richard Hollett cer-;ainly intended to give this farm to his son Eli, and also to his issue, is long as he should have issue; and, failing that issue, he equally in-:ended to give it to Peregrine and his issue. This last intention can-íot be executed consistently with the rules of law which will not per-nit estates to be limited on so remote a contingency, but confine hem to about the period of a life or lives in being. Hence the strug
 
 *546
 
 gle in these cases, where the first devisee happens to die without issue
 
 at that time,
 
 is always to restrict the meaning of the words dying without issue, to a dying without issue
 
 living at the time of such death,
 
 which would make the limitation over good as an executory devise. For this purpose the words without
 
 leaving
 
 issue, or leaving no issue
 
 behind
 
 him, have been taken hold of as manifesting intention to restrict the force of terms which in their plain, rational as well as legal signification, have reference to an indefinite failure of issue. These efforts to strain a construction have brought the courts into collision on this branch of the law, and the cases are not always reconcilable with the principles that profess to govern them.
 

 Rogers, jr.,
 
 for plaintiff.
 

 Rodney,
 
 for defendant.
 

 2. On the other point, we do not think that the fact of the plaintiff’s presence at the sale of this land by the sheriff without proclaiming his title, will prevent his recovering in this action. The sheriff's sale was professedly of nothing but the interest of Eli Hollett; the plaintiff had no connection with it, and used no fraud or circumvention, which -would be necessary even to avoid a contract between the parties in a court of equity. Judgment for plaintiff.